

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 11, 1947

Hon. Willis F. Jetton     Opinion No. V-13
County Attorney
Goliad County          Re:   Maximum compensation that
Goliad, Texas                may be allowed county off-
                                    icials of Goliad County.

Dear Sir:

      Your letter requesting an opinion from this De-
partment on the above subject matter reads in part as fol-
lows:

      "I would appreciate having the opinion of
your office as to the maximum compensation al-
lowed by law to the following county officials
in counties containing 25000 or less inhabitants:

      "County judge, county clerk, county attorney,
district clerk, county treasurer and sheriff-tax
collector and assessor (the office of sheriff-tax
collector and assessor being combined in Goliad
County as the population is less than 10000.)

      "We have been unable to fully agree on the
construction to be given Articles 3883, 3891,
including paragraph 'a' thereof, 3895 and 3941
governing this question, and the County Judge
has requested that I obtain an opinion from your
office."

      Goliad County has a population of 8,798 inhab-
itants according to the 1940 Federal Census, and its of-
ficials are compensated on a fee basis. Therefore, the
compensation of said officials is governed by Articles
3883 and 3891, V.A.C.S.

      Article 3883 reads in part as follows:

      "Except as otherwise provided in this Act, the
annual fees that may be retained by precinct, county
and district officers mentioned in this Article shall
be as follows:

Hon. Willis F. Jetton - Page 2

"1. In counties containing twenty-five (25,000) thousand or less inhabitants: County Judge, District or Criminal District Attorney, Sheriff, County Clerk, County Attorney, District Clerk, Tax Collector, Tax Assessor, or the Assessor and Collector of Taxes, Twenty-four Hundred ($2400.00) Dollars each; . . . ."

Article 3891 provides:

"Each officer named in this Chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided.

"In counties containing twenty-five thousand (25,000) or less inhabitants, District and County officers named herein shall retain one-third of such excess fees until such one-third, together with the amounts specified in Article 3883, amounts to Three Thousand Dollars ($3,000)."

Subdivision (a) of Article 3891 (S.B. 123, Acts of the 49th Legislature, R. S., 1945) provides:

"The Commissioners Court is hereby authorized, when in their judgment the financial condition of the county and the needs of the officers justify the increase, to enter an order increasing the compensation of the precinct, county and district officers in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided the total compensation authorized under the law for the fiscal year of 1944 did not exceed the sum of Thirty-six Hundred ($3600.00) Dollars."

The above quoted provisions of Article 3883 authorize the county and district officials named therein to retain from the fees of office collected by them the

sum of Two Thousand Four Hundred($2,400) Dollars as their annual compensation. The quoted provisions of Article 3891 authorize said county and district officials to retain from one-third (1/3) of the excess fees collected by them an additional sum until such sum added to the amount specified in Article 3883 amounts to Three Thousand($3,000) Dollars, which would be the sum of Six Hundred ($600) Dollars. Subdivision (a) of Article 3891 authorizes the Commissioners'Court in their discretion and when in their judgment the financial condition of the county and the needs of the officers justify the increase, to enter an order increasing their annual compensation in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year 1944, provided the total compensation authorized under the law for the fiscal year 1944 did not exceed the sum of Three Thousand Six Hundred ($3,600) Dollars. This increase, however, if authorized by the Commissioners' Court, would have to be paid from that portion of the one-third (1/3) of the excess fees of office over and above the portion thereof necessary to authorize the compensation of Three Thousand ($3,000) Dollars. In other words, the base pay of the officials covered by the foregoing Articles is Two Thousand Four Hundred ($2,400) Dollars, and the Commissioners' Court is authorized to allow them as much as Three Thousand Seven Hundred Fifty ($3,750) Dollars under the provisions of Subdivision (a), Article 3891, but the compensation over and above Two Thousand Four Hundred ($2,400) Dollars must be paid from the one-third (1/3) of the excess fees, as no change was made in the original provisions of Articles 3883 and 3891.

Therefore, the maximum compensation that may be allowed the county judge, county clerk, district clerk, and sheriff-tax assessor collector of Goliad County is Three Thousand Seven Hundred Fifty ($3,750) Dollars. ($3,000 plus $750.00)

The county treasurer of Goliad County receives his compensation by virtue of Article 3943. The provisions of said Article applicable to Goliad County read as follows:

The commissions allowed to any County Treasurer shall not exceed Two Thousand Dollars($2,000) annually; . . . ."

In Opinion No. 0-6588, this Department held

the following:

"As the County Treasurer in these counties where the county officials are compensated on a fee basis receives his compensation by virtue of Arts. 3941, 3942 and 3943, which are not amended by said Senate Bill No. 123, said Act would not be applicable to the County Treasurer."

Therefore, the maximum compensation allowed the county treasurer of Goliad County is Two Thousand ($2,000) Dollars.

## SUMMARY

1. Maximum compensation that may be allowed the county judge, county clerk, district clerk and sheriff-tax assessor collector of Goliad County is $3,750.00. Articles 3883, 3891, and Subdivision (a) of Article 3891, V.A.C.S.

2. Maximum compensation that may be allowed the county treasurer of Goliad County is $2,000.00. Article 3943, V.A.C.S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *John Reeves*
John Reeves
Assistant

APPROVED FEB. 11, 1947

*Price Daniel*
ATTORNEY GENERAL

JR:djm*

Approved Opinion Committee
By BWB
Chairman